LNE 9.25.24
SES: USAO 2024R00522



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **UNDER SEAL** |
| | * | |
| v. | * | CRIMINAL NO. ABA-24-287 |
| | * | |
| **DUSTIN GLOVER,** | * | (Possession of a Firearm and |
| | * | Ammunition by a Prohibited Person, |
| Defendant. | * | 18 U.S.C. § 922(g)(1); Engaging in the |
| | * | Business of Dealing in Firearms |
| | * | Without a License, 18 U.S.C. § |
| | * | 922(a)(1)(A); Possession of |
| | * | Unregistered Firearms and Silencers, |
| | * | 26 U.S.C. § 5861(d); Forfeiture, 18 |
| | * | U.S.C. § 924(d), 21 U.S.C. § 853(p), 26 |
| | * | U.S.C. § 5872(a), 28 U.S.C. § 2461(c)) |

*******

## INDICTMENT

### COUNT ONE
(Possession of Firearms and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland charges that:

On or about April 11, 2024, in the District of Maryland, the Defendant,

**DUSTIN GLOVER,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms and ammunition, to wit, (1) one Polymer 80 model PF940SC 9mm caliber pistol bearing no serial number (2) two Polymer 80 model PF940V2 9mm caliber pistol bearing no serial number (3) three Polymer 80 model PF9SS 9mm caliber pistols bearing no serial number (4) four Polymer 80 model PF940C 9mm caliber pistols bearing no serial number (5) one AR style 5.56 caliber privately made pistol bearing no serial number (6) one AR style 5.56 caliber privately made rifle bearing no serial number, as well as approximately 2,291 cartridges of assorted ammunition, and the firearms and ammunition were in and affecting

commerce.

18 U.S.C. § 922(g)

## COUNT TWO
### (Engaging in the Business of Dealing in Firearms Without a License)

The Grand Jury for the District of Maryland further charges that:

On or about April 2023 through April 2024, in the District of Maryland, the defendant,

**DUSTIN GLOVER,**

not being a licensed dealer, importer, or manufacturer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing and manufacturing firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

18 U.S.C. § 922(a)(1)(A)
18 U.S.C. § 923(a)
18 U.S.C. § 924(a)(1)(D)
18 U.S.C. § 2

## COUNT THREE
### (Possession of Unregistered Firearms)

The Grand Jury for the District of Maryland further charges that:

On or about April 11, 2024, in the District of Maryland, the Defendant,

**DUSTIN GLOVER,**

unlawfully and knowingly possessed five firearms as defined in 26 U.S.C. § 5845(a), that is, rifles with a barrel of less than sixteen inches in length; that were not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5845(a), 5861(d), and 5871.

26 U.S.C. § 5841
26 U.S.C. § 5845(a)
26 U.S.C. § 5861(d)
26 U.S.C. § 5871

## COUNT FOUR
### (Possession of Unregistered Silencers)

The Grand Jury for the District of Maryland further charges that:

On or about April 11, 2024, in the District of Maryland, the Defendant,

### DUSTIN GLOVER,

unlawfully and knowingly possessed ten silencers as defined in 26 U.S.C. § 5845(a), that is, any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication; that was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5845(a), 5861(d), and 5871 and Title 18, United States Code, Section 921(a)(25).

26 U.S.C. § 5841
26 U.S.C. § 5845(a)
26 U.S.C. § 5861(d)
26 U.S.C. § 5871
18 U.S.C. § 921(a)(25)

## FORFEITURE

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), 26 U.S.C. § 5872(a), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under the offenses charged in Count One through Four of this Indictment.

### Firearm and Ammunition Forfeiture

2. Upon conviction of the offense(s) alleged in Counts One through Four of this Indictment, the Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), 26 U.S.C. § 5872(a), and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense(s), including but not limited to:

   a. a Polymer 80 model PF940SC 9mm caliber pistol bearing no serial number;
   b. a Polymer 80 model PF940V2 9mm caliber pistol bearing no serial number;
   c. approximately two Polymer 80 model PF9SS 9mm caliber pistols bearing no serial number;
   d. approximately four Polymer 80 model PF940C 9mm caliber pistols bearing no serial number;
   e. a AR-style 5.56 caliber privately made pistol bearing no serial number;
   f. one AR style 5.56 caliber privately made rifle bearing no serial number
   g. a Polymer 80 model PF940V2 frame bearing no serial number;
   h. a Polymer 80 model PF9SS frame bearing no serial number;
   i. approximately ten privately manufactured silencers bearing no serial number;
   j. approximately five short-barreled rifles bearing no serial number;
   k. approximately 631 rounds of 9mm ammunition;

   l. approximately 1,313 rounds of .223 caliber ammunition; and

   m. approximately 347 rounds of .22 caliber ammunition.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
26 U.S.C. § 5872(a)
28 U.S.C. § 2461(c)

_____
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
_____
Foreperson

_9/26/2024_____
Date